# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> v. § <br> § <br> SHABBAR RAFIQ, § <br> Defendant, § <br> § <br> v. § <br> § <br> MUHAMMED RAFIQ, § <br> Petitioner. § <br> § | Civil Action No. 4:16-cr-00243-O |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Petitioner's Petitions for Ancillary Hearing (ECF Nos. 380, 381, 382), all filed on May 8, 2017; the United States' Motion and Brief to Dismiss Third-Party Petitions (ECF No. 404), filed on May 23, 2017; Petitioner's Response and Motion to Dismiss the United States' Claim (ECF No. 445), filed on June 12, 2017; and the United States' Reply (ECF No. 446), filed on June 14, 2017.

After reviewing the pleadings and applicable law, the undersigned RECOMMENDS that United States District Judge Reed O'Connor GRANT the United States' Motion and Brief to Dismiss Third-Party Petitions (ECF No. 404), DISMISS with prejudice Petitioner's Petition for Ancillary Hearing of Interest in Property (ECF No. 380), and DISMISS without prejudice Petitioner's Petitions for Ancillary Hearing of Interest in Property (ECF Nos. 381, 382).

## I. BACKGROUND

On March 6, 2017, Judge O'Connor issued an Order granting the Government's Motion for Preliminary Order of Forfeiture. ECF No. 253. The Order concerns the forfeiture of Defendant's interest in the following property:

(1) The real property commonly identified as 1304 Bravura Drive, Plano, Texas 74074;

(2) Approximately $30,000 in U.S. currency seized from a Capital One Bank safe deposit box on or about September 13, 2016, maintained by Zainab Rafiq or Shabbar Rafiq;

(3) Approximately $30,000 in U.S. currency seized from a BB&T safe deposit box on or about September 13, 2016, maintained by Zainab Rafiq or Shabbar Rafiq;

(4) Approximately four gold bars seized from a Capital One Bank safe deposit box on or about September 13, 2016, maintained by Zainab Rafiq or Shabbar Rafiq;

(5) Approximately $50,404.19 in funds seized from a BB&T Bank account on or about September 13, 2016, maintained by Zainab Rafiq; and

(6) Approximately $3,721.37 in funds collectively seized from three Capital One Bank accounts on or about September 13, 2016, maintained by Zainab and Shabbar Rafiq.

(collectively, "the subject property"). *Id.* at 2-3.

The Government published notice of the Preliminary Order of Forfeiture, providing the public with notice of the forfeiture of the subject property beginning on March 9, 2017 until April 7, 2017. ECF No. 318. On March 27, 2017, Zainab Rafiq, mother of Shabbar Rafiq and wife of Muhammed Rafiq, filed a petition for adjudication in which she claimed an interest in all of the subject property. ECF No. 282 at 2-3. On March 31, 2017, the Government and Zainab Rafiq executed a stipulation in which Zainab Rafiq agreed not to contest the Government's probable cause to seize and institute forfeiture proceedings against the subject property. ECF No. 292 at 2.

In return, the Government released approximately $3,721.37 in funds collectively seized from three Capital One Bank accounts to Zainab Rafiq. *Id.*

On May 8, 2017, Petitioner Muhammed Rafiq filed three Petitions for Ancillary Hearing, construed by the Court as Petitions for Adjudication. ECF Nos. 380, 381, 382. The first Petition is brought by Muhammed Rafiq on behalf of himself and asserts an interest in all of the subject property except the $3,721.37 in funds seized from three Capital One Bank accounts. ECF No. 380. The second Petition is brought by Muhammed Rafiq on behalf of ZR Builders LLC and asserts an interest in the real property at 1304 Bravura Drive and approximately $3,721.37 seized from the Capital One Bank account. ECF No. 381. The third and final Petition is brought by Muhammed Rafiq on behalf of Tana Corporation and asserts an interest in the real property at 1304 Bravura Drive, the approximately four gold bars in the Capital One Bank safe deposit box, and the approximately $50,404.19 seized from BB&T Bank. ECF No. 382.

In response to the Petitioner's three Petitions, the United States filed its Motion and Brief to Dismiss Third-Party Petitions on May 23, 2017. ECF No. 404. The United States moves to dismiss the Petitions brought by Muhammed Rafiq on behalf of ZR Builders and Tana Corporation because an individual cannot file a proceeding on behalf of a corporation or partnership *pro se* and moves to dismiss the Petition brought by Muhammed Rafiq individually on the grounds of lack of standing pursuant to 21 U.S.C. § 853(n). *Id.* at 9-12.

## II.     LEGAL STANDARDS

Title 21 U.S.C. § 853(n) requires the United States, following the entry of a preliminary order of forfeiture, to publish notice of the preliminary order of forfeiture and its intent to dispose of the property in such manner as the Attorney General may direct. 21 U.S.C. § 853(n)(1). Third parties asserting an interest in the property may then petition the court for an adjudication of that

3

interest. *See id.* § 853(n)(2). The petition must be signed by the petitioner under penalty of perjury and "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.* § 853(n)(3). If the court determines that the petitioner has a valid interest in the property, the court shall amend the order of forfeiture in accordance with its determination. *Id.* § 853(n)(6).

After a third party petition is filed, the court may, "on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). "Courts have strictly construed the statutory requirements in order to discourage false or frivolous claims." *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (citing *United States v. Edwards*, No. 06-50127-01, 2007 WL 2088608, at *2 (W.D. La. July 20, 2007) (dismissing a third party petition that failed to specify the petitioner's legal interest in the subject property)). Under Federal Rule of Criminal Procedure 32.2, "a motion to dismiss a third party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *United States v. Trafigura AG*, No. CRIM. A. V-06-64, 2008 WL 4057907, at *2 (S.D. Tex. Aug. 26, 2008) (citations omitted). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Petitions that do not "provide sufficient detail regarding the nature of the petitioner's interest may be dismissed for failure to comply with the statute's filing requirements." *Edwards*, 2007 WL 2088608 at *2.

Particular to a *pro se* party, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)).

### III. ANALYSIS

#### A. Muhammed Rafiq's Petition

Petitioner, on behalf of himself, asserts an interest in the real property located at 1304 Bravura Drive, approximately $30,100 and four gold bars seized from a Capital One Bank safety deposit box, approximately $30,000 seized from the BB&T safety deposit box, and approximately $50,404.19 seized from a BB&T bank account. ECF No. 380. The United States moves to dismiss the Petitioner's Petition for failing to meet the requirements of 21 U.S.C. § 853(n). ECF No. 404 at 10-12.

Though the Petition is signed under penalty of perjury, Petitioner fails to assert specific facts that demonstrate his legal interest in the subject property. ECF No. 380. Petitioner simply makes bare assertions that he is the rightful owner of the subject property, asserting that the property "was purchased with [Petitioner's] funds[,]" which "derived from [Petitioner's] monies wired to him and net profit from businesses since 2000." *Id.* at 1-4. Though in his Response Petitioner references an "addendum to ancillary hearing petition" which he claims states specific dates, such information must be asserted in the Petition. ECF No. 445 at 1. Furthermore, there is no record on the Court's docket of any "addendum to ancillary hearing petition" filed in this case.

5

Petitioner's Petition lacks any specific facts that demonstrate his ownership, title, or interest to any of the subject property, nor does the Petition assert any specific time or circumstances that link the property to the Petitioner. Bare allegations of legal title without sufficient facts do not establish a valid claim. *United States v. Edwards*, No. CRIM.A.06-50127-01, 2007 WL 2088608, at *2 (W.D. La. July 20, 2007) (citations omitted). Because Petitioner does not allege specific facts that sufficiently demonstrate the nature and extent of his right, title, or interest in the subject property, and because the Petition fails to assert the time and circumstances of his acquisition of the right, title or interest in the property, the undersigned RECOMMENDS that the Petition (ECF No. 380) be DISMISSED with prejudice.

### B. ZR Builders and Tana Corporation's Petitions

Petitioner Muhammed Rafiq brings two Petitions on behalf of ZR Builders LLC and Tana Corporation both asserting interests in certain items in the subject property. ECF Nos. 381, 382. The United States moves to dismiss these two Petitions on the grounds that a *pro se* party may not assert a claim on behalf of business entities and for failing to meet the requirements of 21 U.S.C. § 853(n). ECF No. 404 at 9. While 28 U.S.C. § 1654 does provide a right for individual parties to proceed *pro se* in civil actions, the United States Supreme Court has held that this right "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. Ca. Men's Colony*, 506 U.S. 194, 202 (1993) (internal quotation marks and citation omitted). Therefore, a business entity may only appear in federal court proceedings when represented by a licensed attorney. *See Sw. Exp. Co. v. I.C.C.*, 670 F.2d 53, 56 (5th Cir. 1982) (citation omitted). It is clear from the pleadings that Muhammed Rafiq is asserting the Petitions for Ancillary Hearings on behalf of both ZR Builders LLC and Tana Corporation and

is not a licensed attorney. ECF Nos. 381, 382. Therefore the undersigned RECOMMENDS that the Petitions for Ancillary Hearings (ECF Nos. 381, 382) be DISMISSED.

Furthermore, because ZR Builders LLC and Tana Corporation were not afforded a warning by the Court to retain counsel before the dismissal of their Petitions, the dismissal of the two Petitions filed by ZR Builders LLC and Tana Corporation should be DISMISSED without prejudice to their right to refile after acquiring counsel. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 (5th Cir. 2004).

## IV. CONCLUSION

Based on the foregoing, the undersigned finds that the Petition brought on behalf on Muhammed Rafiq has not met the filing requirements provided in 21 U.S.C. § 853(n)(3) as it failed to sufficiently state the nature and extent of the Petitioner's right, title or interest in the forfeited property and it failed to state the time and circumstances of the Petitioner's acquisition of the property. Furthermore, the Petitions on behalf of the business entities ZR Builders LLC and Tana Corporation were improperly brought before the Court without counsel. Accordingly, the undersigned RECOMMENDS that Judge O'Connor GRANT the United States' Motion and Brief to Dismiss Third-Party Petitions (ECF No. 404), DISMISS with prejudice Petitioner's Petition for Ancillary Hearing of Interest in Property (ECF No. 380), and DISMISS without prejudice Petitioner's Petitions for Ancillary Hearing of Interest in Property (ECF Nos. 381, 382) that he purported to bring on behalf of ZR Builders LLC and Tana Corporation.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 26, 2017.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE