IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| SHABBAR RAFIQ, | § | Civil Action No. 4:16-cr-00243-O |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| TAHA CORPORATION AND | § | |
| ZR BUILDERS, LLC, | § | |
| Petitioners. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Petitioners' Motion to Appoint Counsel and Stay of Forfeiture (ECF No. 575) filed on December 26, 2018; the United States' Response to Petitioners' Motion to Appoint Counsel and Stay of Forfeiture (ECF No. 578) filed on January 10, 2019; and Petitioners' Reply to the Government's Response (ECF No. 583) filed on February 4, 2019. By electronic Order dated January 3, 2019, United States District Judge Reed O'Connor referred the Motion to the undersigned. After reviewing the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Petitioners' Motion.

On July 13, 2017, Judge O'Connor entered an Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 461), which among other actions dismissed without prejudice the Petition for Ancillary Hearing of ZR Builders LLC (ECF No. 381) and Petition for Ancillary Hearing filed of Taha Corporation (ECF No. 382), both filed on May 8, 2017. Each of the Petitions was signed by Muhammed Rafiq, an individual who is not

an attorney. (*Id.*). In the Findings, Conclusions, and Recommendation (ECF No. 454) entered on June 26, 2017, the undersigned recommended that Judge O'Connor dismiss the Petitioners' previously filed petitions without prejudice because they were filed by other than a licensed attorney and the corporations had not been warned to obtain counsel before the Court dismissed their Petitions. (*Id.* at 8).

Petitioners' Motion requests that the Court appoint a lawyer to represent the corporations and to enter an order staying forfeiture proceedings until counsel is secured or they are represented by their agents. (ECF No. 575). Petitioners assert that their assets were seized by the Government, and they thus have no funds to hire an attorney to represent them. As with the previously filed Petitions, Muhammed Rafiq signed the Motion (*Id.* at 2).

"[T]here is no authority allowing the Court to appoint counsel for a corporation in a civil matter." *Neal Technologies, Inc. v. Unique Motorsports, Inc.*, Civil Action No. 4:15-CV-00385, 2018 WL 837715, *3 (E.D. Tex. Feb. 13, 2018). And, as noted in the previous Findings, Conclusions, and Recommendation, Petitioners cannot proceed in this Court "otherwise than through a licensed attorney." *Rowland v. Ca. Men's Colony*, 506 U.S. 194, 202 (1993). Moreover, Petitioners have had ample time to retain legal counsel since the Court dismissed their Petitions for Ancillary Hearing on July 13, 2017. For that reason, there is no justification for staying the forfeiture proceedings so that they can retain counsel at this time. Petitioners also have been on notice since their petitions were dismissed that they could not refile them or seek relief from the forfeiture order until "after acquiring counsel." (ECF No. 454 at 7). Accordingly, Judge O'Connor should **DENY** Petitioners' Motion.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and

recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

   Signed February 6, 2019.


_____

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE