IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | No. 4:16-cr-00243-O |
| § | |
| **SHABBAR RAFIQ (03)** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion for Opposition and Stay to an Ex-Parte Final Order of Forfeiture filed on May 21, 2021 by Defendant Shabbar Rafiq ("Rafiq") (ECF No. 649), the Response to Motion to Stay Forfeiture filed by the United States ("the Government") on May 25, 2021 (ECF No. 654), and the Reply to Government's Response to Stay Final Order of Forfeiture filed on June 11, 2021 (ECF No. 662). United States District Judge Reed O'Connor referred the Motion to the undersigned by Order dated May 24, 2021. ECF No. 650. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Motion.

The pending Motion is Rafiq's latest attempt to forestall the forfeiture of certain property that was ordered long ago. By Judgment entered on May 25, 2017, the Court sentenced Rafiq to terms of imprisonment and supervised release. ECF No. 418. The Court also ordered forfeiture of certain real and personal property. *Id.* at 4. Rafiq appealed the judgment, but his appeal was dismissed. ECF Nos. 424 and 573. He moved to vacate his sentence under 28 U.S.C. § 2255, and the Court denied the motion. *See* ECF Nos. 1 and 39 in Civil Action No. 4:19-cv-350-O. Rafiq appealed the Court's judgment denying his § 2255 motion, and his appeal is pending. *See United States v. Rafiq*, No. 20-11168, United States Court of Appeals for the Fifth Circuit. On May 12, 2021, the Court entered a Final Order of Forfeiture that ordered the forfeiture of the real property

located at 1304 Bravura Drive, Plano, Texas 74704; approximately $110,504.19 held in three bank accounts; and four gold bars seized from a bank safe deposit box. ECF No. 647.

In his Motion, Rafiq challenges the Final Forfeiture Order and seeks a stay on two grounds. First, he claims that the United States did not serve him with a copy of its motion for entry of the final forfeiture order. Second, he asserts that his appeal of the Court's denial of his § 2255 motion deprived the Court of jurisdiction to enter the final forfeiture order. In his Reply, Rafiq also asserts that he is entitled to a stay of the forfeiture order if the Court has jurisdiction. ECF No. 662. In response, the Government argues that the Court has jurisdiction to order final forfeiture despite Rafiq's appeal of his § 2255 motion and that he is not entitled to a stay of the Court's final order under Federal Rule of Criminal Procedure 32.2(d).

The Court should not sustain Rafiq's attack on the Court's Final Order of Forfeiture because he was not notified of the Government's request for the final order. As Judge Kinkeade wrote in a similar case, a defendant has no right to notice of the Court's action on a final order of forfeiture. "[W]ith respect to the defendant—as opposed to third party claimants—a preliminary forfeiture order becomes final and appealable at sentencing." *Dillon v. United States*, No. 3:17-cv-989-K, 2018 WL 3820228, at *2 (N.D. Tex. Aug. 9, 2018) (citing Fed. R. Crim. P. 32.2(b)(4)(A)). As in *Dillon*, "the Court's preliminary order of forfeiture determined [Rafiq's] rights in the property, and it became final as to [Rafiq] at his sentencing. He could challenge that order, if at all, in his direct appeal from his criminal judgment." *Dillon*, 2018 WL 3820228, at *2. *See also United States v. Stone*, 435 F. App'x 320, 322 (5th Cir. 2011) ("Because the final order of forfeiture did not implicate [defendant's] rights to the forfeited property, he lacks standing to appeal that order." Rafiq thus cannot challenge the Final Order of Forfeiture at this stage of the case.

The Court also should not stay the Final Order of Forfeiture because of the pendency of the appeal of Rafiq's § 2255 motion because that appeal does not affect the final order. First, Rafiq

is not entitled to a stay of the order of forfeiture under Federal Rule of Criminal Procedure 32.2(d). That rule provides that the court may stay a forfeiture order "[i]f a defendant appeals from a conviction or an order of forfeiture." Fed. R. Crim. P. 32.2(d). The rule "does not provide for a stay where a defendant appeals from an order denying a § 2255 motion". *United States v. Jones*, No. 7:08-CR-28-KKC, 2012 WL 6004156, at *3 (E.D. Ky. Nov. 30, 2012). *See also United States v. McCrea*, No. 7:11-cr-00089-001, 2014 WL 123172, *3 n.5 (W.D. Va. Jan. 13, 2014) (same).

Second, even if Rafiq were entitled to request a stay, he has not shown that he was entitled to such relief. The Fifth Circuit directs the district courts to consider the following factors in determining whether to stay a forfeiture order under Rule 32.2(d): "(1) the likelihood of success on appeal; (2) whether the forfeited assets will depreciate over time; (3) the forfeited assets' intrinsic value to the defendant; and (4) the expense of maintaining the forfeited property." *United States v. Nigari*, 559 F. App'x 259, 272 (5th Cir. 2014). Rafiq has not shown that his appeal of the § 2255 motion is likely to be successful or that any of the forfeited property has special intrinsic value to him. The Government offered evidence to show that the real property in Collin County is unfinished and is accruing costs due to city liens for lawnmowing and refuse collection, unpaid homeowner association dues, and ongoing landscaping maintenance and upkeep. ECF No. 654-1. Neither Rafiq nor the Government offered any evidence regarding application of the factors to the bank accounts and gold bars to be forfeited, but these would not appear to be affected by entry of a stay. Nevertheless, on these facts, even if Rule 32.2(d) applied, Rafiq has not shown that the Court should stay entry of the Final Order of Forfeiture.

Rafiq was not entitled to notice of the filing of the Motion for Final Order of Forfeiture. The appeal of Rafiq's § 2255 motion neither deprived the Court of jurisdiction to enter the Final Order of Forfeiture nor provided grounds for staying of that order. Even if Rafiq could seek a stay of the Final Order of Forfeiture under Federal Rule of Criminal Procedure 32.2(d), he did not offer

evidence to show that he is entitled to such relief. For these reasons, Judge O'Connor should **DENY** Rafiq's Motion for Opposition and Stay to an Ex-Parte Final Order of Forfeiture (ECF No. 649).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 13, 2021.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE